Harold J. **DUPUY** and Lulu M. Dupuy, Plaintiffs,

v.

**UNITED STATES of America,** Defendant.

Civ. A. No. 83-0164-L.

United States District Court, W.D. Virginia, Lynchburg Division.

Sept. 28, 1984.

William C. Plott, Lexington, Va., for plaintiffs.

J. Ray Dotson, Asst. U.S. Atty., Roanoke, Va., Stuart D. Gibson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case is before the court on cross motions for summary judgment.[1] Jurisdiction is based on the provisions of 28 U.S.C. § 1346(a)(1) for the recovery of Internal Revenue taxes and interest. The parties have submitted briefs, the court has heard oral argument, and the matter is now ripe for a decision by the court.

### I.

This is an action for the recovery of federal income taxes for the taxable years 1979, 1980, and 1981, which the plaintiffs, Harold J. Dupuy and Lulu M. Dupuy, allege were erroneously assessed and collected, pursuant to Section 7422 of the Internal Revenue Code of 1954, 26 U.S.C. § 7422. The facts of the case are largely undisputed.

During 1982, the Internal Revenue Service conducted an examination of the plaintiffs' income tax returns for the three years in question. Following the examination, the Internal Revenue Service determined that additional taxes were due from the plaintiffs for each of the three years. The plaintiffs disagreed and protested through the appropriate channels. The plaintiffs were represented by counsel throughout the proceedings.

During the administrative appeals process, a compromise settlement was reached with the plaintiffs. This agreement was reduced to writing and executed by the parties on Form 870–AD. Part of the compromise included the agreement by the Internal Revenue Service not to reopen the case in exchange for the agreement by the plaintiffs not to file or prosecute any claim for credit or refund. Additionally, each side compromised his position on the substantive aspects of the dispute.[2]

### II.

■ Form 870–AD states in pertinent part, "If the proposal is accepted by or on behalf of the Commissioner ... no claim for refund or credit shall be filed or prosecuted for the year(s) above stated." As found, however, by the court in *Lignos v. United States*, 439 F.2d 1365 (2d Cir.1971), the plaintiffs' signature on Form 870–AD is not an absolute bar to filing such a claim, and the government is "relegated to arguing that taxpayers are equitably estopped from claiming the refund."

■ In bringing the instant lawsuit, the plaintiffs have breached the agreement which they reached with the Internal Revenue Service. The plaintiffs filed their amended complaint after the statute of limitations had run against the government, thus preventing the United States from collecting the additional taxes which the Internal Revenue Service had assessed and subsequently compromised. Thus, the government has relied to its detriment on

---

1. Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, the defendant's motion to dismiss is treated as a motion for summary judgment.

2. Although the plaintiffs argue that the Internal Revenue Service did not alter its position in any way, the exhibits show that the plaintiffs paid less in settlement of the dispute than the amount originally assessed by the Internal Revenue Service.

**522**

the plaintiffs' agreement to accept and abide by the compromise settlement.

Furthermore, as discussed in *Stair v. United States*, 516 F.2d 560 (2d Cir.1975), there are also practical considerations involved in a suit of this nature.

We feel constrained to note that prudential considerations dictate the same result as we reach today. It requires little elaboration to demonstrate that a contrary outcome would arm the taxpayer with both a shield and a sword, and permit him to enter the lists with no chance of losing. The Stairs, if allowed to proceed, could fare no worse than the compromise they have already succeeded in negotiating. If victorious on the merits, they would be freed even from the obligation of sustaining their half of that bargain. Given such a state of affairs, it would be an imprudent taxpayer indeed who did not resort to litigation even after compromise. *Id.* at 565.

### III.

In view of the practical aspects involved and the government's detrimental reliance on the compromise agreement, the court finds that the plaintiffs are estopped from maintaining this action. Accordingly, the plaintiffs' motion for summary judgment should be DENIED and the defendant's motion for summary judgment should be GRANTED. An appropriate order consistent with this memorandum opinion shall be entered this day.